THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* IVA NELL JONES, Defendant-Appellant.

(No. 71-265;

Fifth District—April 10, 1972.

Linda West Conley and Kenneth L. Gillis, both of Defender Project, both of Chicago, for appellant.

Kenneth Powless, State's Attorney, of Marion, (Snyder Howell, Assistant State's Attorney, of counsel,) for the People.

Mr. PRESIDING JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Within one month after pleading guilty to criminal damage to property and receiving three years probation, defendant's probation was revoked and she was sentenced to a term of not less than one nor more than five years in the Illinois State Reformatory for Women. The revocation was based on a charge of theft by deception in that she obtained control of

$2 worth of ice cream and $8 in change from a bad check she wrote in a friend's name, knowing there was no bank account to cover it. On this appeal she contends that she was not guilty of theft, and further, that her sentence was excessive.

The original charge involved damage to the plumbing fixtures and sleeping equipment in the Williamson County Jail. In the second incident she purchased a banana split and several ice cream sandwiches from a Dairy Queen for which she wrote a bank counter check for $10 signing her friend's name and her own and also writing her address and driver's license number on the check. Her friend was an incompetent who was under the supervision of a conservator. She had only met him recently and had spent one night with him in his room after which he had given her his savings account book and authorized her to make a withdrawal. The bank refused to allow her to make the withdrawal from the $85 account, insisting on the presence and signature of the depositor. The State contends that defendant, a forty-seven year old woman, thereby had full knowledge that her friend did not have a checking account in the bank and that when she presented a check in payment for the ice cream she did so with such knowledge and intent as to constitute theft by deception.

Defendant contends that she did not know her friend had only a savings account; that she did not write the check in the presence of the manager of the Dairy Queen but rather that she wrote it in a tavern in the presence of her friend and with his consent; and that she brought the ice cream back to the tavern, ate the banana split herself, and gave her friend the ice cream sandwiches and the change. The friend, though somewhat confused, denied giving defendant any authority to cash a check.

■■ Recognizing that the credibility of witnesses is for the trier of the facts, we find that the record supports the judgment of the trial court finding defendant guilty of theft by deception. But also recognizing the facts for what they are, minor incidents involving two unfortunate individuals endeavoring to live their lives within their limited capacities, we find the sentence imposed was excessive and constituted an abuse of the trial court's discretion. The order of the Circuit Court of Williamson County is therefore affirmed but defendant's sentence is reduced to time served in the Reformatory for Women.

Judgment affirmed as modified.

EBERSPACHER and JONES, JJ., concur.